UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE LUIS GUERRERO SOTO,  )  <br>    Petitioner-Defendant,  )  <br>                              )  <br>                              )  <br>        v.                  )  <br>                              )  <br>UNITED STATES OF AMERICA,  )  <br>    Respondent.  )  <br>                              ) | Criminal Case No.<br>08-10191-DPW |

MEMORANDUM AND ORDER
July 27, 2011

This case - in which the defendant has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 - presents on federal collateral attack an issue recently addressed by the Supreme Court in the context of state habeas corpus proceedings under 28 U.S.C. § 2254: the assertion of an ineffective assistance of counsel claim in connection with a plea of guilty. *Premo v. Moore*, 131 S.Ct 733 (2011).

The petitioner contends that his counsel did not adequately advise him concerning the consequences of pleading guilty to a charge of aggravated identity theft under 18 U.S.C. § 1028A(a)(1). The petitioner justifies his failure to appeal in a timely manner on grounds of ineffective assistance of counsel.

Although failure to appeal in this context would present a procedural hurdle to this collateral attack, *see generally Bousley v. United States*, 523 U.S. 614 (1998), the petitioner

seeks to side step that hurdle by asserting the neglect of his counsel.  The petitioner's claim that his counsel failed to follow his instruction to appeal and his assertion that there was an inadequate factual basis to find him guilty - in effect a claim of actual innocence - makes disposition of the petition on procedural default grounds a potentially complex undertaking.

The recently filed[1] transcript of the petitioner's final plea hearing and sentencing, however, is sufficient to permit the matter of being disposed of on the merits.  That transcript establishes that the defendant was fully advised of the consequences of his plea and that the statement of facts, submitted in connection with what was clearly denominated an *Alford* plea, was sufficient to support, albeit circumstantially, a guilty verdict.

*Premo* underscored that "[t]here is a most substantial burden on the claimant to show ineffective assistance.  The plea process brings to the criminal justice system a stability and a certainty that must not be undermined by the prospect of collateral challenges in cases not only where witnesses and evidence have disappeared but also in cases where witnesses and evidence were not presented in the first place." 131 S. Ct. 746.  Fortunately, here, the plea and sentencing transcript established that the

---

[1] As a result of some misunderstanding or inadvertence, the transcript, which was actually completed in May 2010, was not docketed and consequently was not available until last month.

petitioner, who had earlier expressed reservations about pleading to the aggravated identity theft charge because he maintained he did not know that the identity theft involved a real person, had his concerns addressed. His plea was plainly knowing and voluntary. The transcript demonstrates without necessity of adducing witnesses that the petitioner also understood my conclusion that a jury could nevertheless find him guilty of that offense on the government's evidence.

Accordingly, I DENY the petitioner's motion to vacate under 28 U.S.C. § 2255.

/s/ *Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE